IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| WILLIAM DANIEL WEBB | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:07cv506 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner William Daniel Webb, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Webb was convicted of indecency with a child by contact and indecency with a child by exposure, receiving concurrent sentences of 28 and ten years. He raised a number of claims in his petition, which the Magistrate Judge summarized as claims of ineffective assistance of counsel, trial court errors, evidentiary errors, and prosecutorial misconduct. The Magistrate Judge ordered the Respondent to answer the petition and received copies of the state court records.

After review of the records and pleadings, the Magistrate Judge issued a Report on September 8, 2008, recommending that Webb's petition be dismissed and that Webb be denied a certificate of appealability *sua sponte*. After seeking and receiving extensions of time, Webb filed objections to the Magistrate Judge's Report on October 9, 2008, along with a brief in support of these objections.

In his objections, Webb first argues at length that the prosecutor's closing statement was improper, saying that the prosecutor alluded to the fact that he did not testify and bolstered the

1

credibility of the complaining witness. He says that the prosecutor referred to his not testifying by stating that evidence was "undisputed," but the evidence about which the prosecutor was talking was the identity of Webb as the defendant, the date of the alleged offense, and the fact that it took place in Henderson County. Webb also points to a statement by the prosecutor that "we're all here and we know that the defendant has his rights."

As the Magistrate Judge said, however, improper jury argument by the state does not present a claim of constitutional magnitude in federal habeas corpus actions unless it is so prejudicial that the petitioner's state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment's Due Process Clause. Felde v. Blackburn, 795 F.2d 400, 403 (5th Cir. 1986). To establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that, in probability, but for the remarks no conviction would have occurred. Felde, 795 F.2d at 403, *citing* Kirkpatrick v. Blackburn, 777 F.2d 272, 281 (5th Cir. 1983).

Along these same lines, the Supreme Court has stated that a prosecutor's remarks must be more than undesirable or even universally condemnable before reversal is warranted. Instead, the prosecutor's remarks must infect the trial with such unfairness as to make the resulting conviction a denial of due process. Darden v. Wainwright, 477 U.S. 168, 181 (1986); *see also* Bell v. Lynaugh, 828 F.2d 1085, 1095 (5th Cir.), *cert. denied* 484 U.S. 933 (1987); Drew v. Collins, 964 F.2d 411, 417 (5th Cir. 1992). Webb has failed to make such a showing and his objections on this ground are without merit.

Webb also complained that the prosecutor sought to bolster the credibility of Amy, the victim of the offense. As the Magistrate Judge explained, however, Webb put on evidence challenging Amy's credibility, and so the State was entitled to respond to this challenge. Furthermore, the prosecutor's assertions that "Amy had no reason to lie" were made in the context of stating that Webb was a neighbor and friend of Amy's family, and there was no family dispute, divorce, or other

2

manifest cause of hard feelings. Webb has failed to show that these statements by the prosecutor infected the trial with such unfairness as to make his conviction a violation of due process. His objections on this ground are without merit.

Third, Webb complains that the prosecutor referred to "extraneous offenses" by pointing to testimony that Webb had given Amy's teenage brother Jason adult videos and that he had shown Amy "naked pictures." Webb's attorney objected to this, but was overruled. Webb also complains that the prosecutor said that he, Webb, "has children at his house all the time" and "lures them over there with candy." These latter complaints were not raised in Webb's petition, but have been brought up for the first time in his objections to the Report.[1] In any event, as the Magistrate Judge observed, Webb has failed to show that these statements by the prosecutor rendered his trial fundamentally unfair. The evidence showed that Amy and her brother often went to Webb's house, and that Webb took Amy to the store and bought her some candy immediately before the incident forming the basis of the prosecution took place. Webb's objection on this point is without merit.

Next, Webb turns to the issue of ineffective assistance of counsel. He says that "there is no possible reason for failing to object to errors of constitutional magnitude," and that counsel allowed the jury to view the video tape of the interview with Amy. Webb says that the Magistrate Judge's Report "misses the point" in that while the evidence provided by the tape may well have been cumulative, "there is no way" that allowing the jury to watch it was harmless.

As the Magistrate Judge stated, counsel had a reason for offering the video tape into evidence. The defense had called an expert, Dr. Michael Flynn, who testified that false memories could be implanted into children through the use of leading questions, such as those used by the interviewer on the tape. The purpose of letting the jurors watch the tape was to allow them to see the leading questions being used, in the hope that they would then conclude that Amy's recollections

---

[1] As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

were in fact implanted false memories. The fact that this trial strategy did not work does not render it unreasonable. Webb's objection on this ground is without merit.

Webb then complains that counsel was ineffective for failing to secure a limiting instruction on extraneous offenses, with regard to the testimony that Webb had provided pornographic videos to Jason and shown "naked pictures" to Amy. The Magistrate Judge concluded that even assuming that counsel could or should have obtaining a limiting instruction, Webb failed to show that but for the failure to do so, the result of the proceeding would probably have been different; ample evidence existed to sustain a finding of guilt in the form of Amy's testimony, and the evidence about the magazines and videotapes found in Webb's house was not a crucial, critical, or significant part of the trial. Webb has not shown that the Magistrate Judge's conclusion in this regard was incorrect and his objection on this point is without merit.

Webb complains about the denial of a speedy trial, characterizing the Magistrate Judge's conclusion on this issue as "legal mumbo jumbo." He indicates that his claim concerns the fact that he was admitted to bail in September of 2000 but not indicted until May of 2001, and he was not appointed counsel until after he was indicted. Webb states that this delay violated the Texas Code of Criminal Procedure, Article 32.01.

The Fifth Circuit has held that violations of state law alone do not provide grounds for relief in federal court. The Court explained that the proper inquiry in a federal habeas corpus proceeding is not whether rights under state law have been violated; federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure. Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986). Thus, even if the Texas Code of Criminal Procedure was not complied with, this does not itself set out a ground for federal habeas corpus relief.

The right to counsel attaches upon the initiation of adversary judicial proceedings, normally by way of formal charge, preliminary hearing, indictment, information, or arraignment. *See* Robinson v. State, 851 S.w.2d 216, 224 (Tex.Crim.App. 1991). In this case, Webb concedes that

he was appointed counsel after he was indicted, and does not indicate that adversarial judicial proceedings were initiated prior to the time of his indictment. He has failed to show that he was denied his constitutional right to a speedy trial and his objections on this ground are without merit.

Next, Webb says that the Magistrate Judge "completely missed" his claim that he was not allowed to testify. In fact, the Magistrate Judge discussed this claim extensively, and concluded that Webb had failed to show that he had wanted to do so. Specifically, the Magistrate Judge noted that Webb was given the opportunity to address the trial court directly prior to the charge being given to the jury; at that time, Webb advised the trial court that he had witnesses whom he wanted to call, but said not a word about a desire to testify on his own behalf.[2] The Magistrate Judge also concluded that Webb had failed to show that but for the alleged failure to allow him to testify, the result of the proceeding would probably have been different. Webb's objections on this ground are without merit.

Webb goes on to contend that the Magistrate Judge did not apply the proper standards to his claim of ineffective assistance of counsel on appeal, saying that he has "clearly established that there were major violations" of his Fifth and Fourteenth Amendment rights, and that had these been raised on appeal, his conviction should have been reversed. A review of the record shows that Webb has not "clearly established" any such violations, nor has he shown that had appellate counsel performed differently, there was a reasonable probability that the Court of Appeals would have overturned his conviction.

Finally, Webb says that there "is no doubt whatsoever" that reasonable minds could differ on these questions, and so a certificate of appealability should be granted. Webb has not shown any basis upon which to conclude that reasonable minds could differ. His objections are without merit.

---

[2]Webb says in his objections that his opportunity to address the trial court came after the jury was already deliberating. This is plainly incorrect; Webb addressed the trial court before the closing arguments took place. Statement of Facts, vol. III, p. 98.

On November 5, 2008, Webb filed a brief in support of his objections. This brief essentially repeats the arguments made in his objections. He points to a decision from the Sixth Circuit called Hodge v. Hurley, 426 F.3d 368 (6th Cir. 2005) in which habeas corpus relief was granted. One of the bases for the granting of such relief was the prosecutor's statement that the defendant was lying and the complaining witness was "absolutely believable." However, there is no indication in Hodge that the prosecutor was responding to an attack on the credibility of the witness, as was the case here.

Webb also cites United States v. Gracia, 522 F.3d 597 (5th Cir. 2008), a direct appeal in a federal criminal case, in which the Fifth Circuit held that for prosecutors to offer personal assurances to the jury that government witnesses were telling the truth, or to tell the jury that law enforcement witnesses should be believed because they are just doing their jobs, was improper witness bolstering. However, that case held that a prosecutor may argue fair inferences from the evidence that a witness has no motive to lie. Gracia, 522 F.3d at 601. Webb quotes the prosecutor as saying that "Amy had no reason to lie" and arguing that Amy had no reason to lie, which is permissible argument under Gracia. A review of the State's closing argument does not show that Webb was denied fundamental fairness thereby.

Webb also argues that he received ineffective assistance of counsel when his attorney did not object to the State's closing argument. However, he has not shown that but for this failure to object, the result of the proceedings would probably have been different. The objections raised in his brief are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response to the answer, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto and brief in support, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner William Webb is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 3rd day of December, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**